IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GRACIELA RAMIREZ,                )        | | |
|     Plaintiff,             ) | | |
|                                  ) | | |
| v.                               )        | | NO. EP-12-CV-259-RFC |
|                                  )        | | (by consent) |
| CAROLYN W. COLVIN,[1]            ) | | |
| Acting Commissioner of the Social ) | | |
| Security Administration,         ) | | |
|     Defendant.             ) | | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision. Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 423(d), 1382c(a)(3). Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas. For the reasons set forth below, the Commissioner's decision is **AFFIRMED**.

**PROCEDURAL HISTORY**

On July 30, 2009, Plaintiff filed her application for disability benefits due to impairments that she alleged became disabling on August 1, 2008. (R:118) The application was denied initially and on reconsideration. (R:16, 55-58, 61-63) Pursuant to Plaintiff's request, an Administrative Law

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure and the last sentence of 42 U.S.C. § 405(g), she is substituted as the Defendant herein.

Judge ("ALJ") held a hearing to review Plaintiff's application *de novo* on November 4, 2010, at which Plaintiff was represented by an attorney and testified with the aid of an interpreter, and at which a vocational expert testified. (R:24, 26-27, 45-47, 55, 61) The ALJ issued his decision on March 17, 2011, denying benefits on the basis that Plaintiff could perform her past relevant work as a hotel cleaner. (R:16-23) Plaintiff's request for review was denied by the Appeals Council on May 4, 2012. (R:1-6)

On July 3, 2012, Plaintiff submitted her complaint along with a motion to proceed *in forma pauperis*. (Doc. 1) The motion was granted and her complaint was filed. (Docs. 4-5) The Commissioner filed an answer and a certified copy of the transcript of the administrative proceedings on September 6, 2012.[2] (Docs. 17-19) On October 5, 2012, Plaintiff's brief was filed. (Doc. 24) On November 13, 2012, the Commissioner filed a brief in support of the decision to deny benefits. (Doc. 24)

## ISSUE

Generally, the issue Plaintiff presents is whether the ALJ's residual functioning capacity ("RFC") finding is supported by substantial evidence. (Doc. 22:2) Specifically, Plaintiff contends that (1) the ALJ's credibility assessment of Plaintiff is the result of legal error and is not supported by substantial evidence; (2) Plaintiff was prejudiced by the ALJ's failure to include a sit-stand option in his assessment of her RFC; and (3) Plaintiff was prejudiced by the ALJ's failure to provide limitations based on Plaintiff's reduced grip strength and shoulder impairment. (Doc. 22:4-11)

---

[2] Both parties having filed notices of consent to proceed before a Magistrate Judge, this cause was reassigned to this Court on September 11, 2012, by order of District Court Judge Kathleen Cardone. (Docs. 3, 16, 21)

**DISCUSSION**

**I.     Standard of Review**

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence can be less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

**II.     Evaluation Process**

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which. . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity ("SGA"); 2) whether the claimant has a medically determinable impairment(s) that is severe; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment(s) prevents the claimant from performing past relevant work ("PRW"); and 5) whether the impairment(s) prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The ALJ assesses the claimant's residual functional capacity ("RFC"), i.e., what he can still do despite his limitations or impairments, before proceeding to make a determination at steps 4 and 5. 20 C.F.R. § 404.1545(a); Social Security Ruling ("SSR") 96-8p.

An individual applying for benefits bears the initial burden of proving that he is disabled for purposes of the Act. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the burden of proof on the first four steps, and once met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989).

**III.    The ALJ's Hearing Decision**

First, the ALJ found that Plaintiff had not engaged in documented substantial gainful activity since August 1, 2008, the alleged onset date. (R:18)

At the second step, the ALJ found that Plaintiff had severe impairments consisting of hypertension, obesity, back pain secondary to degenerative disc disease, shoulder pain, and hand and knee pain. (R:18) The ALJ found that such impairments, neither alone nor in combination, met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R:19) The ALJ found that Plaintiff has the RFC to perform a full range of medium work as defined in the regulations, except that she is illiterate in the English language. (*Id.*)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a hotel cleaner. (R:23) The ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, since August 1, 2008, through the date of the decision. (*Id.*)

**IV.    Analysis**

    **A.    Credibility Determination**

Plaintiff contends that the ALJ erred in his credibility assessment finding Plaintiff's statements concerning the intensity, persistence, and limiting effect of her alleged symptoms not credible to the extent they are inconsistent with the RFC the ALJ assessed. (Doc. 22:4-6) Recognizing that the ALJ is tasked with determining Plaintiff's credibility, *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991), Plaintiff argues that such determination must take into consideration the entire record and must be grounded in and supported by the evidence. (Doc. 22:4, citing SSR 96-7p) Plaintiff argues that the ALJ failed to consider the requisite factors set forth in the regulations at 20 C.F.R. § 404.1529(c). (Doc. 22:4-5)

In assessing the credibility of a claimant's statements, the ALJ must consider, in addition to the objective medical evidence: (1) the claimant's activities of daily living; (2) the alleged location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medications the claimant takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, that claimant receives or has received for relief of pain or other symptoms; (6) any measures other than treatment that claimant uses to relieve pain or other symptoms; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.  (Doc. 22:5; R:19-20; 20 C.F.R. § 404.1529(c))

Plaintiff understands the ALJ's credibility determination to be based only on the following: (1) Plaintiff had not generally received the type of medical treatment expected for a totally disabled individual; (2) substantial evidence establishes that Plaintiff can do more than she alleges; (3) factors weighing against giving much weight to Plaintiff's alleged daily activities include inability to verify and difficulty in attributing the degree of limitation, if true, to Plaintiff's medical condition given the relatively weak medical evidence; and (4) a general lack of support for Plaintiff's subjective statements.  (Doc. 22:4-5; R:22-23)

Plaintiff focuses on the ALJ's repeated emphasis on the weak medical evidentiary support and counters that there is medical evidence in the record to corroborate Plaintiff's subjective complaints.  (Doc. 22:5)  Plaintiff highlights evidence of the following. (Doc. 22:5-6)  She complained of and was assessed with backache in December 2008 and again in January, March, and July 2009, and January 2010.  (R:180, 183, 188, 197-198, 217, 220).  X-rays of her lumbar spine showed degenerative joint disease.  (R:185, 219)  Plaintiff was assessed with bilateral shoulder and

hand pain, and a shoulder x-ray showed mild suggestive degenerative changes. (R:183, 184) Plaintiff complained of and was assessed with ankle joint pain; feet spurs and arthritis were noted; and x-rays of both feet reflect bilateral Achilles plantar spur. (R:218-219, 228). Plaintiff contends these radiological findings and diagnoses support her allegations of limitations in standing, walking, sitting, and lifting. (Doc. 22:6) The ALJ, however, noted all of these medical findings in making his determination. (R:20-23)

  The ALJ set out the relevant factors that must be considered and touched on each one in his discussion of Plaintiff's RFC. (R:19-23) The ALJ discussed Plaintiff's alleged daily activities and her allegations regarding the location, duration, frequency, and intensity of her pain and other symptoms. (R:20-21) The ALJ noted that Plaintiff took ibuprophen to treat her pain, but that it was ineffective; and that she took prescription medication for her hypertension and other complaints. (R:21-22) The ALJ noted that Plaintiff had received only essentially routine, conservative treatment for relief of her pain or other symptoms, and no further treatment had been recommended. (R:22) The ALJ noted that substantial evidence showed that Plaintiff can do more than she alleges. (R:21-22). While Plaintiff alleged that she needed to lie down at least three hours a day and could not sit or stand for more than 15 to 25 minutes, no such observation or recommendation from her treating doctors were indicated in her treatment notes. (*Id.*) The ALJ also noted that Plaintiff's examinations reflected only a slight limp and a slight decrease in her right hand grip strength, and otherwise showed no atrophies or deformities, full range of motion, negative straight leg raising test, and an ability to perform postural and manipulative movements. (*Id.*)

  The list of regulatory factors, however, does not incorporate everything the ALJ can consider in determining credibility, such as consistency. The ALJ's discussion identifies several points of

inconsistency. The ALJ stated that Plaintiff testified that her husband had driven her to the hearing without making any stops, a trip that took approximately 45 minutes, while also testifying that she could not sit for longer than 20 to 25 minutes. (R:20-21)  The ALJ noted that, while records reflect that Plaintiff weighed 254 pounds in December 2008 and 250 pounds in January 2009, Plaintiff testified at the hearing (November 2010) that she weighs 230 pounds and had gained fifty pounds in the past 8 months. (*Id.*)  The ALJ also noted that while Plaintiff testified at the hearing that her conditions were as severe at the time she stopped working as they were at the hearing, Plaintiff had alleged in a daily activities report in August 2009 that she could walk two blocks, and testified at the hearing that she could walk at most one block. (R:21, 23)  The ALJ noted that although Plaintiff complained of pain all over, there was no direct treatment for her complaints of pain in her arms, hands, and knees. (R:22)

The ALJ's credibility determination is not the result of legal error and is supported by substantial evidence in the record. Plaintiff is not entitled to relief on this claim.

### B.     Sit-Stand Option

Plaintiff claims the ALJ erred by not including a sit/stand option in assessing Plaintiff's RFC, citing SSRs 83-10 and 83-12.  (Doc. 22:6-7)  She contends that her complaints of pain in her back, knee, ankle, and limbs, as well as x-rays of her lumber spine and feet all support a sit/stand option. (Doc. 22:8)

The ALJ, however, considered all of these, but noted that despite such evidence, there was no notation in any of Plaintiff's medical records, and her physical consultative examination did not reflect that any of her conditions or symptoms resulted in any functional limitations.  (R:21-22) Plaintiff has failed to identify any physician-imposed or observed limitations, and acknowledges that

"there is no medical opinion with regard to Plaintiff's need for a sit/stand option...." (Doc. 22:7) Plaintiff essentially argues that a sit/stand option should have been assessed based on the weight of her own testimony and allegations regarding her limitations. (Doc. 22:7-8)  However, as discussed above, the ALJ implicitly found Plaintiff not credible to the extent her alleged limitations exceeded the RFC assessed, and such finding is supported by substantial evidence.

The ALJ's decision to omit a sit/stand option from Plaintiff's RFC is likewise supported by substantial evidence in the record.  Plaintiff is not entitled to relief on this claim.

### C.   Reaching or Handling Limitation

Plaintiff contends that there is medical evidence in the record to support a reaching or handling limitation, such that the ALJ's RFC assessment is not supported by substantial evidence. (Doc. 22:9-10)  She relies on the consultative examination report from Dr. Jimenez, Dr. Azcarate's July 2009 treatment notes, Plaintiff's January 2009 bilateral shoulder x-rays, and her own statements. (*Id.*)

Dr. Jimenez did find Plaintiff had a "slightly decreased" right hand grip and assessed pain in various body systems, but he did not find any functional reaching or handling limitations. (R:183) To the contrary, Dr. Jiminez affirmatively stated that Plaintiff could pick and reach, had normal opposition movement and range of motion in both hands and noted the absence of atrophies, deformities, and wrist abnormalities; he also noted that the range of motion in Plaintiff's shoulders was "completely normal." (*Id.*)

Dr. Azcarate observed tenderness on palpation of Plaintiff's thoracic spine. (R:22, 197-98, 220-21)  Again, however, the doctor did not note any functional limitations.  (*Id.*)

9

While the shoulder x-rays show mild degenerative changes, they show no joint abnormality and no physician imposed or observed any reaching or handling restrictions based on the x-ray findings. (R:184) The lack of physician-assessed limitations substantially supports the ALJ's decision. While Plaintiff's own statements may support a reaching and handling limitation, the ALJ's finding that such statements were not wholly credible is supported by substantial evidence, as previously discussed. *See Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995) (citation omitted) (the lack of physician-assessed limitations can provide substantial support for ALJ's credibility determination).

The ALJ's decision to not include a reaching or handling limitation in Plaintiff's RFC is supported by substantial evidence. Plaintiff is not entitled to relief on this claim.

### D.    Substantial Evidence Generally

Plaintiff contends that the ALJ's RFC assessment is not supported by substantial evidence based on the arguments previously discussed. (Doc. 22:4-10) In addition to each of the ALJ's specifically challenged decisions being supported by substantial evidence, the ALJ's RFC assessment, as a whole, is supported by substantial evidence. (Doc. 22:10)

The ALJ properly considered the relevant record evidence and evaluated Plaintiff's symptoms, including pain, in conjunction with his consideration of the objective medical evidence and other relevant evidence. The ALJ did not credit opinions from state agency physicians who found no severe impairments at all, but instead gave Plaintiff every reasonable benefit of the doubt. (R:22) The ALJ's RFC assessment is supported by treatment notes from Plaintiff's treating physician who, while assessing backache, observed normal back and musculoskeletal function, with normal reflexes, no motor dysfunction, and no sensory abnormalities. (R:21, 179-80, 189-90) Dr.

Urquidi's treatment notes also support the ALJ's assessment, reflecting observation of normal neurological and musculoskeletal findings and no imposition or observation of functional limitations. (R:213, 215) Plaintiff's consultative physical examination likewise supports the ALJ's determination, reflecting normal squatting, no motor or sensory deficits, fair ability to walk without assistive device and with only a slight limpiness, normal left hand grip, ability to pick and reach, normal opposition movements and range of motion in both hands, with no atrophies, deformities, or wrist abnormalities, negative straight leg raise testing and completely normal range of motion in Plaintiff's neck, knees, and shoulders. (R:21-22, 182-83)

Notes entered by nurse practitioners also reflect normal neurological and musculoskeletal findings, normal reflexes, and no motor dysfunction. (R:217, 223)

Viewing the record as a whole, the ALJ's RFC determination is supported by substantial evidence. Plaintiff is not entitled to relief on this claim.

## CONCLUSION

For the reasons set forth above, the Court concludes that the ALJ's findings are not the result of legal error and are supported by substantial evidence. The Commissioner's decision is, therefore, **AFFIRMED**.

**SIGNED** and **ENTERED** on September 3, 2013.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE